Jonathan A. Dibble (0881)
Justin T. Toth (8438)
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
Telephone: (801) 532-1500
Facsimile: (801) 532-7543
jdibble@rqn.com
jtoth@rqn.com

Gregory J. Kerwin (*pro hac vice*)
T. Michael Crimmins (*pro hac vice*)
K. Casey Lewis (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1801 California Street, Suite 4200
Denver, Colorado 80202-2642
Telephone: (303) 298-5700
Facsimile: (303) 313-2829
gkerwin@gibsondunn.com
tcrimmins@gibsondunn.com
klewis@gibsondunn.com

*Attorneys for Plaintiffs Flying J Inc., TCH LLC,*
*Transportation Alliance Bank Inc., and TON*
*Services, Inc.*

FILED
U.S. DISTRICT COURT

2007 NOV -2 A 10: 1/2

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| FLYING J INC., a Utah corporation, TCH LLC, a Utah limited liability company, TRANSPORTATION ALLIANCE BANK INC., a Utah corporation, and TON SERVICES, INC., a Utah corporation, <br><br> Plaintiffs, <br><br> v. <br><br> TA OPERATING CORPORATION, a Delaware corporation d/b/a/ TRAVELCENTERS OF AMERICA, PILOT TRAVEL CENTERS LLC, a Delaware limited liability company, PILOT CORPORATION, a Tennessee corporation, and JOHN DOES I-X, <br><br> Defendants. | [PROPOSED] ORDER DENYING DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS <br><br> [Approved by Plaintiffs and Pilot Defendants] <br><br><br> Civil No. 1:06CV00030 TC <br> Judge Tena Campbell |

On April 21, 2006, Defendants Pilot Travel Centers, LLC and Pilot Corporation (the

"Pilot Defendants") filed a Motion to Dismiss the Complaint Pursuant to Rule 12(b)(6) (Dkt. 20).

On May 15, 2006, Defendant TA Operating Corporation ("TA") also filed a Motion to Dismiss

(Dkt. 25).  On August 8, 2006, after full briefing and oral argument, this Court issued an Order

denying Defendants' Motions to Dismiss (Dkt. 34).

On May 21, 2007, the United States Supreme Court issued its opinion in *Bell Atlantic*

*Corp. v. Twombly*, 127 S.Ct 1995 (2007), which addressed the pleading standard in cases

asserting claims under Section 1 of the Sherman Act, 15 U.S.C. § 1.  Based on this new Supreme

Court decision, on July 17, 2007, TA filed a Motion for Judgment on the Pleadings Pursuant to

Rule 12(c) (Dkt. 119).  On July 20, 2007, the Pilot Defendants also filed a Motion for Judgment

on the Pleadings Pursuant to Rule 12(c) and joined in TA's motion.  *See* Pilot Defendants'

Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Dkt. 123).  After full briefing and

oral argument, the Court holds as follows:

The Supreme Court in *Twombly* did not impose a heightened pleading standard on

plaintiffs asserting a claim under Section 1 of the Sherman Act.  *Twombly*, 127 S.Ct. at 1974.

Rather, the Supreme Court created a new "plausibility standard," which requires that a complaint

contain "enough factual matter (taken as true) to suggest that an agreement was made."  *Id.* at

1965.  This requires "enough fact to raise a reasonable expectation that discovery will reveal

evidence of illegal agreement...[and] facts that are suggestive enough to render a ... conspiracy

plausible."  *Id.*

Plaintiffs' Complaint in this case meets this standard.  Unlike the Complaint in *Twombly*,

Plaintiffs' Complaint sets out detailed factual allegations, including the factual background and

history. In addition, the "Hinderliter email," which was quoted in and attached to the Complaint, certainly plausibly suggests that Mr. Hinderliter (of TA) spoke with Mr. Cardwell (of Petro) and met with Mr. Hazelwood (of Pilot) about the subject of the alleged conspiracy. It is incorrect to say, as Defendants have argued, that the only reading of the email is as a report of what Mr. Hinderliter told Irving Oil and what he understood his competitors were doing. It could be read, and it is a plausible reading, to say that Mr. Hinderliter did not just understand what his competitors were doing, but that he spoke with those competitors about the subject of the alleged agreement. Thus, I find that this email goes farther in meeting the Supreme Court's plausibility standard than did the statement by Mr. Notebaert upon which the plaintiffs relied in *Twombly*.

For these reasons, the Defendants' Motions for Judgment on the Pleadings (Dkt. 119, 123) are DENIED.

SO ORDERED this 2nd day of November 2007.

BY THE COURT

*Tena Campbell*

TENA CAMPBELL
United States District Court Judge

3

**APPROVED AS TO FORM:**

RAY QUINNEY & NEBEKER P.C.
Jonathan A. Dibble
Justin T. Toth
36 South State Street, Suite 1400
Salt Lake City, Utah 84111
(801) 532-1500

GIBSON DUNN & CRUTCHER LLP
Gregory J. Kerwin
T. Michael Crimmins
K. Casey Lewis
1801 California Street, Suite 4200
Denver, CO  80202-2642
(303) 298-5700


By:    T. Michael Crimmins

*Attorneys for Plaintiffs Flying J Inc.,*
*TCH LLC, Transportation*
*Alliance Bank Inc. and TON Services, Inc.*

4

John H. Bogart
Charles A. Stormont
HOWREY LLP
170 South Main Street, Suite 400
Salt Lake City, UT 84101
(801) 533-8383

HOWREY LLP
1299 Pennsylvania Avenue, N.W.
Washington, DC 20004-2402
(202) 783-0800


By:    John H. Bogart

*Attorneys for Defendants*
*Pilot Travel Centers LLC and Pilot Corporation*


Michael Zimmerman
Todd Shaughnessy
SNELL & WILMER L.L.P.
15 West South Temple Suite 1200
Gateway Tower West
Salt Lake City, Utah  84101
(801) 257-1900

ROPES & GRAY LLP
Jane E. Willis
Amy Auth
One International Place
Boston, MA 02110
(617) 951-7603


By:  _____


*Attorneys for Defendant TA Operating LLC, f/k/a*
*TA Operating Corporation*

100290606_1.DOC

5