IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| FLYING J, INC., et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>TA OPERATING CORPORATION d/b/a TRAVELCENTERS OF AMERICA, PILOT TRAVEL CENTERS LLC, and PILOT CORPORATION,<br><br>    Defendants. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 1:06-CV-30-TC |

After ruling from the bench during an October 17, 2007 hearing on the Defendants' Motions for Judgment on the Pleadings, the court issued a written order on November 2, 2007, denying the Motions. (See Docket # 204.) Now this matter comes before the court on the Defendants' Motions for Certification of the Court's Order for Appeal Pursuant to 28 U.S.C. § 1292(b). (See Docket #s 198 & 200.) Pilot Travel Centers LLC and Pilot Corporation (collectively, "Pilot") as well as TA Operating Corporation ("TA") seek permission to appeal the court's interlocutory (non-final) decision.

Title 28 of the United States Code addresses the court of appeals' limited appellate jurisdiction over interlocutory decisions. Specifically, the Defendants rely on a subpart of 28 U.S.C. § 1292, which sets forth an exception to the general rule that interlocutory decisions are not appealable:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a <u>controlling question of law</u> as to which there is <u>substantial ground for difference of opinion</u> and that an immediate appeal from the order <u>may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order.

28 U.S.C. § 1292(b) (emphasis added). The decision to grant certification lies within the sound discretion of the district court. <u>See</u> <u>id.</u>

In the November 2, 2007 Order, the court found that the Plaintiffs' complaint properly alleged a claim of antitrust violations of Section 1 of the Sherman Act, 15 U.S.C. § 1. The court reviewed the complaint in light of the United States Supreme Court's May 2007 decision in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1995 (2007), which discussed the pleading standard in cases asserting claims under Section 1 of the Sherman Act.

Contrary to the Defendants' contention, neither <u>Twombly</u> nor the court's interpretation and application of <u>Twombly</u> presents a question for which there is substantial ground for difference of opinion. "Substantial grounds for difference of opinion on a controlling question of law exist when there is genuine doubt or conflicting precedent as to the correct legal standard." <u>Behrend v. Comcast Corp.</u>, 2007 WL 2702347, Nos. 03-6604, 07-218, 07-219, at *2 (Sept. 11, 2007) (internal quotations and citation omitted).

The <u>Behrend</u> case is instructive because it addressed a situation very similar to the one presently before the court. In <u>Behrend</u> (an antitrust case in which the court denied a motion for judgment on the pleadings filed in response to <u>Twombly</u>), the court denied Comcast's § 1292(b) motion because "Comcast [did] not argue that there is a genuine doubt that <u>Twombly</u> was the correct legal standard." <u>Id.</u> at *2. Likewise in this case, the Defendants do not disagree that <u>Twombly</u> provides the correct legal standard. Rather, they disagree with the court's

2

interpretation and application of Twombly to the allegations in the Plaintiffs' complaint.

In Twombly, the Court held that

> stating [an antitrust claim under Sherman Act § 1] requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made. Asking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal agreement. And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.

127 S. Ct. at 1965 (internal quotations omitted) (emphasis added). The majority in Twombly also specifically noted that, by reaching their conclusions, they did "not apply any 'heightened' pleading standard." Id. at 1973 n.14. And they reiterated that they were applying the Rule 8(a)(2) pleading standard, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id. at 1964-65 (internal quotation marks and citations omitted).

The Defendants essentially argued in their motions for judgment on the pleadings and at the hearing that a probability standard did apply. (See, e.g., Pilot's Mem. Supp. Mot. for J. on Pleadings at 1 ("The Complaint's allegations are entirely consistent with independent parallel conduct and do not tend to exclude the possibility that the Defendants acted independently in accord with their own self-interests."); Oct. 16, 2007 Hr'g Tr. at 6 ("The Twombly court requires that the plaintiffs allege facts that are more suggestive of conspiracy than of an independent decision in pursuit of self-interest. So if it's equally consistent, if what is alleged is equally consistent with conspiracy or independent action, then the plaintiff does not prevail."); id. at 9

3

("Twombly certainly says plausible expectation, but I think that Twombly does make clear that if it's [in] equipoise, that that's not enough.").) But that reading is contrary to the language of Twombly quoted above, and the court rejected the Defendants' interpretation. Still, in TA's motion for certification, it perpetuates the Defendants' "probability" interpretation by suggesting the following question for certification to the Tenth Circuit:

> Does Twombly require dismissal of an antitrust conspiracy case if the facts alleged in the complaint may be understood to suggest either (I) that the alleged parallel conduct may be the result of an unlawful agreement or (ii) the alleged parallel conduct may be the result of the defendants' pursuing their independent self interest?

(TA's Mot. for Cert. at 2 (emphasis added).)

Further, TA and Pilot speculate and misinterpret the court's holding. According to the Defendants,

> [i]n denying defendants' motion, this Court rejected defendants' interpretation of Twombly. Although the Court acknowledged that the Hinderliter email, which is the focus of the plaintiffs' complaint, "could be read" to suggest either entirely lawful conduct or an unlawful agreement, the Court apparently based its ruling on the fact that defendants' reading, that the email reported lawful parallel conduct, was not the "only reading of the email." [Hr'g] Tr. at 30. In so doing, the Court implied that TA could not prevail unless the defendants' reading was the "only reading" and thereby rejected TA's argument that the defendants should prevail if the email was consistent with both lawful conduct and illegal conspiracy.

(TA's Mem. Supp. Mot. for Cert. at 3 (incorporated by reference by Pilot in its motion for certification).)

First, the court did not view the email as "parallel conduct." Second, the court did not find that TA could only prevail if there was only one plausible reading of the email. Rather, the

4

court held that the Plaintiffs alleged more than mere parallel conduct and conclusory statements of conspiracy:

> Unlike the Complaint in Twombly, Plaintiffs' Complaint sets out detailed factual allegations, including the factual background and history. In addition, the "Hinderliter email," which was quoted in and attached to the Complaint, certainly plausibly suggests that Mr. Hinderliter (of TA) spoke with Mr. Cardwell (of Petro) and met with Mr. Hazelwood (of Pilot) about the subject of the alleged conspiracy.

(Nov. 2, 2007 Order at 2-3.) The following language from Behrend applies equally well in this case.

> Although the legal precedent the Court applied was newly restated by the Supreme Court [in Twombly], the task of distinguishing between well pled facts and conclusory allegations was not thereby made "exceptional" so as to overcome the policy against piecemeal appeals, particularly where, as here, the Plaintiffs alleged actual agreements, not merely parallel conduct, as the basis of their claims.

2007 WL 2702347 at *2.

The court finds that the Defendants have not met their burden of showing that the court's November 2, 2007 Order presents a controlling question of law as to which there is substantial ground for difference of opinion. The Defendants disagree with the court's interpretation, but that is not sufficient. "A party's strong disagreement with the court's ruling is not sufficient for there to be a 'substantial ground for difference'; the proponent of an appeal must make some greater showing." Hansen v. Schubert, 459 F. Supp. 2d 973, 1000 (E.D. Cal. 2006); see also First Am. Corp. v. Al-Nahyan, 948 F. Supp. 1107, 1116 (D.D.C. 1996) ("Mere disagreement, even if vehement, with a court's ruling on a motion to dismiss does not establish a 'substantial ground for difference of opinion' sufficient to satisfy the statutory requirements for an interlocutory appeal.").

Accordingly, the two Motions for Certification of the Court's Order for Appeal Pursuant to 28 U.S.C. § 1292(b) (Docket #s 198 and 200) are DENIED.

SO ORDERED this 20th day of November, 2007.

                          BY THE COURT:

                          */s/ Tena Campbell*

                          TENA CAMPBELL
                          Chief Judge