## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| FLYING J INC., a Utah corporation, TCH LLC, a Utah limited liability company, TRANSPORTATION ALLIANCE BANK INC., a Utah corporation, and TON SERVICES INC., a Utah corporation,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TA OPERATING CORPORATION, a Delaware corporation d/b/a TRAVELCENTERS OF AMERICA, PILOT TRAVEL CENTERS LLC, a Delaware limited liability company, PILOT CORPORATION, a Tennessee corporation, and JOHN DOES I-X,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO PHASE DISCOVERY**<br><br><br>Case No. 1:06cv00030 TC<br><br>Honorable Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendant TA Operating LLC (TA) moved to phase discovery in this case.[1]

Specifically, TA requests that the Court limit discovery to be taken from the defendants in the first phase to communications with competitors, customers or potential customers, and suppliers of card processing services about Flying J or fuel cards processed over the TCH platform.  In return, TA would agree to limit discovery from Flying J in this phase to the plaintiffs' communications with each other, with their competitors, customers or potential customers, suppliers of card processing services, and with partners (such as Irving Oil and Shell) about the defendants or the fuel cards processed over the TCH platform.[2]

Pilot Travel Centers LLC and Pilot Corporation (Pilot) have joined in the motion.[3]  At the time, a

motion for judgment on the pleadings was pending.[4]  That motion has been denied.[5]

---

[1] Defendant TA Operating LLC's Motion to Phase Discovery (TA Motion to Phase Discovery), docket no. 152, filed August 13, 2007.

[2] *Id.* at 2.

[3] Defendants Pilot Travel Centers and Pilot Corp.'s Motion to Phase Discovery, docket no. 170, filed August 29, 2007, by virtue of Defendants Pilot Travel Centers and Pilot Corp.'s Motion for Joinder, docket no. 161, filed August 29, 2007.

[4] Defendant TA Operating LLC's Memorandum in Support of Defendant's Motion to Phase Discovery (TA Memo to Phase Discovery), docket no. 153, filed August 13, 2007, at 2.

[5] Order Denying Motion for Judgment on the Pleadings (Order Denying Judgment on Pleadings), docket no. 204, filed November 02, 2007.

TA believes that the potential economies to the parties compel phasing. "[T]here is no question that summary judgment could be entered at the conclusion of the first phase of discovery proposed herein, potentially sparing all parties — and the Court — substantial unnecessary expense relating to discovery without slowing the overall progress of the case."[6]

TA estimates its cost of responding to Plaintiffs' pending discovery as in the millions of dollars.

> TA estimates that its costs of responding to [Plaintiffs'] document requests alone will approach $4 million — excluding any costs associated with other types of discovery, such as depositions or interrogatories, and excluding attorneys' fees and other costs arising out of communications between counsel, interaction with third parties, meet and confer obligations, and attendant motion practice.[7]

TA says that phasing would substantially limit TA's burden in responding to Plaintiffs' discovery requests.

> [W]hole categories of documents requested by the plaintiffs would not need to be reviewed or produced in the initial phase of discovery. These documents include: customer transaction-level documents, business plans, marketing documents, financial documents, corporate governance documents, and various other ordinary course and operational documents such as documents relating to billing. Additionally, such a limitation would eliminate the need to do discovery relating to damages in the initial phase[8]

TA claims electronic discovery advantages would also be significant. The parties "could reduce by one-third to one-half the number of custodians" from which electronic discovery would be sought.[9] "The revised search term list would be considerably more limited and focused than the current search term list."[10]

---

[6] TA Memo to Phase Discovery at 2.
[7] *Id*. at 1.
[8] *Id*. at 5.
[9] *Id*. at 6.
[10] *Id*.

Overall, if phasing is imposed on TA's terms, "TA expects that the number of documents to be reviewed would be reduced by up to 70 percent."[11]  TA's assertions make a compelling argument.

However, it is hard to tell what would be *excluded* from discovery in the first phase.  TA states its motion in terms of what would be *included*.  TA proposes separately stated limitations for discovery *from* Defendants than for discovery *by* Defendants:

- "limit discovery . . . from the defendants . . . to communications with competitors, customers or potential customers, and suppliers of card processing services about Flying J or fuel cards processed over the TCH platform."[12]
- "limit discovery from Flying J in this phase to the plaintiffs' communications with each other, with their competitors, customers or potential customers, suppliers of card processing services, and with partners (such as Irving Oil and Shell) about the defendants or the fuel cards processed over the TCH platform."[13]

The common limitation is "[f]ocusing the first phase of discovery on the parties' communications with each other and with third-parties — including competitors, customers, vendors, and partners and joint venturers."[14]  TA says this "will facilitate the parties' assessment of the core allegation of conspiracy and the defendants' defenses to that allegation."[15]

TA paints the picture of the broad base of documents required to develop the entire case that would not be required in the first phase of discovery.

Without phased discovery, the parties will be engaging in full blown discovery on every issue in the case, including data intensive issues such as definitions of relevant market (of which the plaintiffs contend there are no less than three) and damages.  Such discovery will require the collection and review of a large portion of the parties' working documents, reflecting day to day business, financial, and operational issues.  The large majority of these documents, although arguably responsive to the plaintiffs' expansive discovery requests, will have no bearing on

---

[11] *Id.*
[12] *Id.* at 2.
[13] *Id.*
[14] *Id.* at 6.
[15] *Id.* At 6-7.

the core issue of conspiracy, which the plaintiffs must show in order to proceed with their claims . . . .[16]

Plaintiffs oppose the motion because it was filed a year and a half after the case was filed and nearly a year after the stipulated discovery plan was submitted.[17]   Discovery was already well underway when the motion was filed,[18] which was six months ago.  More importantly, Plaintiffs complain the proposal would eliminate any need for TA to produce *internal* documents reflecting a conspiracy.[19]

Now, in light of the district judge's ruling on the motion for judgment on the pleadings, one of the assumptions of the phasing motion is probably erroneous.  The district judge made a finding on the possible existence of a conspiracy.  As Plaintiffs point out, "phasing discovery will not save any time or money unless the Court is able to decide on summary judgment after phase 1 discovery, as a matter of law, that the defendants did not have an agreement to not accept the TCH card."[20]  But denial of judgment on the pleadings largely turned on the existence of an email – the "Hinderliter email" that the district judge concluded "plausibly suggests that Mr. Hinderliter (of TA) spoke with Mr. Cardwell (of Petro) and met with Mr. Hazelwood (of Pilot) about the subject of the alleged conspiracy."[21]  There is already some significant evidence on the conspiracy issue which TA claims should be the subject of an initial discovery phase.

Plaintiffs point out that under TA's phasing proposal, the Hinderliter email would not be discoverable.  It is an *internal* communication reflecting *outside* communications.  TA's proposal was that discovery from Defendants would be limited to "to communications with competitors, customers or potential customers, and suppliers of card processing services about Flying J or fuel

---

[16] *Id*. at 9.
[17] Plaintiffs' Memorandum in Opposition to Defendant's Motion to Phase Discovery (Memo in Opposition to Phase Discovery), docket no. 172, filed August 31, 2007, at 1, 3-4.
[18] *Id*. at 1, 5-8.
[19] *Id*. at 2, 9-10.

cards processed over the TCH platform."[22]  Plaintiffs are correct.  And this point illustrates the lack of wisdom in TA's phasing proposal.[23]

Finally, any proposal for phasing deserves a hard look, because the anticipated judicial economy may be unrealized.  Limiting discovery creates disputes about the permissible boundaries.  The limitation becomes another ground for objections in depositions and answers to interrogatories and for withholding documents, and it creates one more reason for discovery motions.  If the second phase occurs, phasing lengthens the time of discovery because many things must be done twice.  Plaintiffs point out that phasing would require "multiple depositions of witnesses all over the country,"[24] and that "the parties would have to redo their phase 1 document searches and productions to obtain documents relating to relevant issues not collected during phase 1 and to supplement their previous productions to collect newly created documents.[25]  The possible economy if the second phase is not required is replaced by greatly increased time and expense if the second phase is required.

---

[20] *Id*. at 2-3, 13.
[21] Order Denying Judgment on Pleadings at 3.
[22] TA Memo to Phase discovery at 2.
[23] TA attempted to avoid this argument (and demonstrated the unworkability of its phasing proposal) by claiming "TA's proposal would encompass the Hinderliter e-mail and similar categories of communications" because they are "documents evidencing, concerning, or relating to communications with competitors, customers or potential customers, and suppliers of card processing services, about the plaintiffs or the TCH card."  Defendant TA Operating Reply to Response to Motion to Phase Discovery, docket no. 179, filed September 17, 2007, at 6-7 (emphasis added).  TA did not admit that their formulation of the phasing in their motion (TA Motion to Phase Discovery at 2) and memorandum (TA Memo to Phase Discovery at 2, 10) did not contain the underlined phrase. See also TA Memo to Phase Discovery at 6-7.  TA's need to reformulate its own proposal in its Reply demonstrates the boundary issues that could ensue.
[24] Memo in Opposition to Phase Discovery at 14.
[25] *Id*.

**ORDER**

IT IS HEREBY ORDERED that TA's motion to phase discovery[26] is DENIED.  Pilot's motion to join[27] in that motion is GRANTED, and Pilot's resulting motion to phase discovery[28] is DENIED.

Dated this 8th day of February 2008.

BY THE COURT:

David Nuffer
United States Magistrate Judge

---

[26] Defendant TA Operating LLC's Motion to Phase Discovery , docket no. 152, filed August 13, 2007.
[27] Defendants Pilot Travel Centers and Pilot Corp.'s Motion for Joinder, docket no. 161, filed August 29, 2007.
[28] Defendants Pilot Travel Centers and Pilot Corp.'s Motion to Phase Discovery, docket no. 170, filed August 29, 2007.