IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| FLYING J INC., a Utah corporation, TCH LLC, a Utah limited liability company, TRANSPORTATION ALLIANCE BANK INC., a Utah corporation, and TON SERVICES INC., a Utah corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>TA OPERATING CORPORATION, a Delaware corporation d/b/a TRAVELCENTERS OF AMERICA, PILOT TRAVEL CENTERS LLC, a Delaware limited liability company, PILOT CORPORATION, a Tennessee corporation, and JOHN DOES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PILOT'S MOTION TO COMPEL**<br><br>Case No. 1:06cv00030 TC<br><br>Honorable Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiffs TCH LLC ("TCH"), Flying J Inc. ("Flying J"), Transportation Alliance Bank Inc. ("TAB"), and TON Services, Inc. ("TON") (collectively "Plaintiffs") allege five claims for relief in their Complaint.[1] The heart of the Complaint is Plaintiffs' allegation that Defendants (who own and operate truck stop centers) conspired to boycott the TCH payment card issued by TAB.[2] TAB is a Utah Industrial Loan Corporation.[3] TON and Flying J provide products and services to truckers who may use the TCH Trucker Fuel Card.[4]

---

[1] Complaint, docket no. 1, filed February 27, 2006. A motion to amend the complaint has recently been filed. Plaintiffs' Motion for Leave to File First Amended Complaint, docket no. 226, filed January 28, 2008.
[2] Complaint, ¶¶ 55-57, 64-66, 68.
[3] Plaintiffs' Memo in Opposition to Motion to Compel Documents Responsive to Second Set of Requests for Production (Memo in Opposition) at i, docket no. 195, filed October 26, 2007.
[4] Complaint, ¶¶ 1, 4.

1

Pilot Travel Centers LLC (Pilot) filed a motion to compel[5] answers to its Second Set of Requests for Production of Documents ("Second Set").  Pilot seeks an order compelling Plaintiffs to

- conduct a diligent search for and produce the documents called for by the Second Set; and
- produce a privilege log.[6]

## Requests for Production 1 – 5

The first five requests for production which are in dispute ask questions about *conditions* that might be imposed by Plaintiffs on their customers.[7]  These include requirements to purchase fuel from Flying J or to use a TCH card as a condition for obtaining financing from TAB; requirements that a customer provide or obtain some additional credit, service or property either from a Plaintiff or an affiliate of TAB as a condition for obtaining service, credit, or property from TAB; or a requirement that a customer *not* do business with a competitor as a condition for obtaining a service, credit or property from TAB.

> Plaintiffs responded that the requests are
>
> vague, overbroad, unduly burdensome, and unfair. . . unless they are construed in light of the specialized statutory language. . . from Section 106 of the Bank Holding Company Act Amendments of 1970 (codified as 12 U.S.C. § 1972, which bank regulators refer to as the 'federal tying statute') and the entire regulatory regime into which that statutory language fits.[8]

---

[5] Defendant Pilot Travel Centers Motion to Compel Documents Responsive to Second Set of Requests for Production (Motion to Compel), docket no. 186, filed October 8, 2007.

[6] *Id*., at 2.

[7] The requests are reproduced in Defendant Pilot Travel Center's Memorandum in Support of Motion to Compel Documents Responsive to Second Set of Requests for Production (Supporting Memorandum), at iii-iv, docket no. 187, filed October 8, 2007.

[8] Supporting Memorandum at 4.

Plaintiffs also objected that the requests "seek information regarding TAB's banking practices that is not 'relevant to the claim or defense of any party' in this case."[9] Plaintiffs say the requests "are paraphrases and quotes from statutory language in Section 106 of the Bank Holding Company Act Amendments of 1970,"[10] and that Pilot must be contending "that TAB is violating federal banking laws and regulations."[11]  Having made this conclusion that the inquiries are about compliance with banking law, Plaintiffs made a summary response:

> In light of the objections explained above, Plaintiffs state that, to the best of TAB's knowledge, information, and belief, TAB is in compliance with applicable provisions of Section 106 of the Bank Holding Company Act Amendments of 1970, 12 U.S.C. § 1972, and therefore Plaintiffs are not aware of any documents in their possession that are responsive to Pilot Travel's Request Nos. 1 through 5, which are premised on the assumption that TAB is violating such provisions of federal law.[12]

Plaintiffs say this is all Pilot needs to know.  Plaintiffs state that "[i]nformation regarding TAB's compliance with banking regulations has nothing to do with Plaintiffs' claims or Pilot Travel's defenses as framed by the pleadings in this case."[13]  Plaintiffs also object that if the questions are *not* about banking regulations, Pilot is misguided.

> If Pilot Travel's Second Set, Request Nos. 1-5 are not construed to be congruent with that federal statute, as interpreted by the Federal Reserve Board, then Pilot Travel is effectively forcing TAB to develop a new compliance regime and analyze all of its customer interactions just to respond to these document requests.[14]

In other words, Plaintiffs claim the inquiry is (a) irrelevant if asking about banking law compliance and (b) improper if asking about compliance with some other

---

[9] *Id*. at 7.
[10] Memo in Opposition at i.
[11] *Id*. at 8.
[12] Plaintiff's Responses and Objections to Pilot's Second Set at 7-8, attached as Exhibit B to Supporting Memorandum.
[13] *Id*. at 7.
[14] Memo in Opposition at 4.

standards which don't really exist. Plaintiffs suggest that frivolous discovery might follow, asking about customers' color or food preferences.[15] But Plaintiffs are subjectively convinced that "Pilot Travel cannot reasonably contend that its requests to these other Plaintiffs should not also be construed in light of applicable interpretations of federal banking law."[16]

Plaintiffs claim "Pilot Travel avoids providing any explanation of why fishing for information about supposedly 'distasteful' banking practices has anything to do with antitrust and tort claims and defenses."[17]

But Pilot sees the issue differently. They claim these are damages-related inquiries.

> The documents sought through the Second Set relate to the manner by which Plaintiffs conduct business and how they treat customers and potential customers. Such materials will demonstrate reasons why Plaintiffs have not been as successful in the marketplace as they otherwise could have, and will contradict Plaintiffs' claims that they have lost business because of either a non-existent conspiracy or tortious interference.[18]
>
> . . . .
>
>    Plaintiffs claim to have lost business at truck stops and related facilities due to the alleged boycott of the TCH card by Defendants (and other unnamed parties), thus Plaintiffs have squarely put at issue the myriad of other reasons why potential customers do not want to do business with Plaintiffs and why former customers have ceased doing business with them.[19]

Plaintiffs misinterpret the requests. Pilot is *not* asking about compliance with banking regulations. Some similar language is being used, but Pilot is asking about business practices

---

[15] *Id.* at 5.
[16] *Id*. at 9.
[17] *Id*. at 3.
[18] Supporting Memorandum at i.
[19] *Id.* at 4.

which are relevant – and happen to be similar to prohibited activities.  Pilot claims that Plaintiffs'
business practices are the cause of the problems for which it claims Pilot is responsible.

### Sixth Request for Production

Plaintiffs also objected to a sixth request asking for evidence of their compliance with Section 106 of the Bank Holding Company Act Amendments of 1970.[20]  They said they had "searched for nonprivileged generally applicable manuals, procedures, reports, and corporate policies," and then made a privilege objection, but did not provide a privilege log.[21]  The privilege objection reads

> Plaintiffs also object to Pilot Travel's Request No. 6 to the extent it purports to seek privileged communications between TAB representatives and TAB's counsel concerning the applicability or requirements of Section 106 of the Bank Holding Company Act Amendments of 1970. Plaintiffs hereby designate the following documents as privileged under the attorney-client privilege and not subject to production in response to Pilot Travel's Request No. 6:
>
>> All communications between any employee of TAB and any in-house counsel advising TAB, or outside counsel for TAB, seeking or providing legal advice concerning the requirements of, or TAB's compliance with, Section 106 of the Bank Holding Company Act Amendments of 1970.[22]

Pilot objects to this general claim of privilege and asks for "document by document" designation.  Plaintiffs claim the general objection is sufficient and point to a Note to Rule 26(b)(5) in the 1993 Amendments to the Federal Rules of Civil Procedure:

> The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld, but may be unduly burdensome when voluminous documents are claimed to be privileged or protected, particularly if the items can be described by categories.[23]

---

[20] Pilot Travel Centers LLC's Second Set of Requests for Production at 3, attached as Exhibit A to Supporting Memorandum.
[21] Plaintiffs' Responses and Objections to Pilot's Second Set at 9, attached as Exhibit B to Supporting Memorandum.
[22] *Id*. at 8-9.
[23] *Id*. at 9 (quoting Advisory Committee notes on 1993 amendments to FED. R. CIV. P. 26(b)(5)).

Because Plaintiffs failed to respond completely to Requests 1 – 5, it is hard to tell if this case is one in which categorical identification could have been appropriate at the outset. But at this stage, after the dispute has arisen on Requests 1-5 and this Request No. 6, the court will require a privilege log with a document by document identification.

**ORDER**

IT IS HEREBY ORDERED that Pilot's motion to compel[24] is GRANTED. Plaintiffs shall provide updated responses on or before February 29, 2008.

Dated this 8th day of February 2008.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[24] Defendant Pilot Travel Center's Motion to Compel Documents Responsive to Second Set of Requests for Production, docket no. 186, filed October 8, 2007.