IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| FLYING J INC., a Utah corporation, TCH LLC, a Utah limited liability company, TRANSPORTATION ALLIANCE BANK INC., a Utah corporation, and TON SERVICES INC., a Utah corporation,<br><br>    Plaintiffs,<br><br>  vs.<br><br>TA OPERATING CORPORATION, a Delaware corporation d/b/a TRAVELCENTERS OF AMERICA, PILOT TRAVEL CENTERS LLC, a Delaware limited liability company, PILOT CORPORATION, a Tennessee corporation, and JOHN DOES I-X,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION TO COMPEL**<br><br>Case No. 1:06cv00030 TC<br><br>Honorable Tena Campbell<br><br>Magistrate Judge David Nuffer |

Pilot Travel Centers LLC and Pilot Corporation (Pilot) seek to compel Plaintiffs TCH LLC (TCH), Flying J Inc. (Flying J), Transportation Alliance Bank Inc. (TAB), and TON Services, Inc. (TON) (collectively Plaintiffs) to produce documents in response to a request for production.[1] The request reads:

> REQUEST NO. 1: Documents sufficient to identify, for each card processed over the TCH Platform other than the TCH card, all customers of each such card, including the name of each customer, whether funded or unfunded account (and if funded, who extended credit), the number of transactions for each customer (separately for diesel and for other purchases), and the data capture services made use of by each customer, for each year beginning January 2001.[2]

---

[1] Pilot Travel Centers LLC's Motion to Compel Documents Responsive to Third Set of Requests for Production, docket no. 251, filed February 22, 2008.
[2] Memorandum in Support of Pilot Travel Centers LLC'S Motion to Compel Documents Responsive to Third Set of Requests for Production (Supporting Memorandum) at iv, docket no. 252, filed February 22, 2008.

Pilot paraphrases the request: "Request No. 1 calls for documents sufficient to identify all customers of cards processed over the TCH platform, as well as certain information relating to those customers, such as whether they have used any data capture services."[3]

Pilot says it seeks this information "in order to help substantiate its defenses against Plaintiffs' alleged conspiracy and damages claims.[4] It claims that this information will "refut[e] the existence of Plaintiffs' alleged boycott, as well as [clarify] the nature of competition in the alleged relevant markets."[5] Specifically, Pilot claims the number of customers using non-TCH cards will show that the alleged conspiracy does not exist.[6] Pilot claims that because some card issuers will permit TCH to process their cards, there is no conspiracy or it is ineffective. Second, Pilot claims the information will help disprove Plaintiffs' assumption that fleets and drivers will use only one card.[7] Plaintiffs claim that users in this market prefer to use only one card and that this preference for one card impairs market entry of a card which is not universally accepted. Third, Pilot claims that in reality, data capture services are rarely used, countering another of Plaintiffs' assumptions that there is a "narrow market" because data capture is important.[8]

## Burden

Plaintiffs strenuously object to the burden of the request. 'Request One essentially seeks to have TCH make available to Pilot entire databases that TCH maintains for card sponsor/credit issuer companies that contract with TCH for processing of their fuel cards."[9] "Request One seeks detailed information on the cardholder identity, purchase patterns, and transaction-by-transaction

---

[3] Supporting Memorandum at 1.
[4] *Id.* at iii; Reply Memorandum in Support of Pilot Travel Centers LLC'S Motion to Compel Documents Responsive to Third Set of Requests for Production (Reply Memorandum) at 2, docket no. 295, filed under seal March 24, 2008.
[5] Supporting Memorandum at i.
[6] *Id.* at 2.
[7] *Id.* at 2; Reply Memorandum at 2.
[8] Supporting Memorandum at 3; Reply Memorandum at 2-3.

use for millions of separate fuel card transactions per year, for the more than seven-year time period since January 2001."[10]

In spite of the language of the request, Pilot insists "[n]othing in the request calls for transaction-level data."[11]  While Pilot invites Plaintiffs to deliver raw data,[12] Pilot says it will be satisfied by "documents 'sufficient to identify' certain pieces of information" and that Plaintiffs may "choose to carry out data queries" and then deliver reports of such queries.[13]  Because Plaintiffs do not perceive the request as asking for summary information, they have presented no information on any burden of providing information in that form.

Plaintiffs claim that any transactional data discovery is currently improper because "the parties' counsel agreed in discussions about ESI during April and May 2007 to defer the production of ESI drawn from corporate databases."[14]  Plaintiffs claim "the parties reached a separate agreement deferring any discovery seeking 'transactional' information and memorialized that agreement in their August 17, 2007 Rule 16 Status Report."[15]  If summaries are delivered, however, this agreement would not be violated.

**Reasonable Accessibility**

Plaintiffs claim the response is complicated by the fact that data before July 2006 is off-line and not readily accessible,[16] and that the processing burden of querying its system will impair current operations.[17]  Pilot objects that Plaintiffs should have kept all data on-line since

---

[9] Plaintiffs' Memorandum in Opposition to "Pilot Travel Center LLC's Motion to Compel Documents Responsive to Third Set of Requests for Production" (Dkt. 251) (Opposing Memorandum) at 4, docket no. 277 filed March 11, 2008.
[10] Opposing Memorandum at 4.
[11] Supporting Memorandum at 4.
[12] Supporting Memorandum at 4.
[13] Supporting Memorandum at 4.
[14] Opposing Memorandum at iv.
[15] Opposing Memorandum at v.
[16] Opposing Memorandum at 1.
[17] Opposing Memorandum at 9-10.

2005 when Plaintiffs first intended to file this suit and that Plaintiffs have waived any claim of inaccessibility by not raising it earlier.[18] At the current time, the court is not going to investigate what data is on or off-line and when it was transferred, but will confine the inquiry to the data admitted to be on-line at the present time. If significant value is shown in the on-line data, then perhaps further discovery will be permitted, after more information is provided on the mechanics of access for off-line data.

## Rights of Third Parties

Plaintiffs claim that the requests for data about users of cards other than the TCH card seek information "that TCH is bound by . . . contractual obligations not to disclose . . . ."[19] Plaintiffs cite the privacy concerns of these non-parties and agreements that restrict dissemination of information.[20] If summary information is provided, these concerns should be mitigated.

## Revised Request

The following formulation is intended to reflect the relative burdens and benefits of this discovery at the present time, and is without prejudice to further discovery, demonstrated to have greater benefit than has been presently shown.

> REQUEST NO. 1: A summary showing, for each card processed over the TCH Platform between July 1, 2006 and June 30. 2008, which card is issued by an issuer other than TCH:
> a. a unique identifier for the customer of each such card;
> b. the issuer of such card;
> c. whether that customer's account represented by such card is funded or unfunded (and if funded, who extended credit); and,
> d. separately per Period (as defined below)
>     i. the number of transactions for the card (with diesel fuel and other purchases treated as separate transactions), and

---

[18] Reply Memorandum at 4-5.
[19] Opposing Memorandum at 10.
[20] Opposing Memorandum at 10-11.

4

        ii.    the number of transactions for the card which made use of data capture services.

The Periods are defined as July 1 – December 2006; January – December 2007; and January – June 30, 2008.

## ORDER

IT IS HEREBY ORDERED that the motion to compel is GRANTED IN PART, in that Plaintiffs shall respond to the revised request on or before July 30, 2008.

Dated this 6th day of May 2008.

        BY THE COURT:

        _____
        David Nuffer
        United States Magistrate Judge