IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| FLYING J INC., a Utah corporation, TCH LLC, a Utah limited liability company, TRANSPORTATION ALLIANCE BANK INC., a Utah corporation, and TON SERVICES INC., a Utah corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>TA OPERATING CORPORATION, a Delaware corporation d/b/a TRAVELCENTERS OF AMERICA, PILOT TRAVEL CENTERS LLC, a Delaware limited liability company, PILOT CORPORATION, a Tennessee corporation, and JOHN DOES I-X,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER**<br><br>Case No. 1:06cv00030 TC<br><br>Honorable Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiffs TCH LLC (TCH), Flying J Inc. (Flying J), Transportation Alliance Bank Inc. (TAB), and TON Services, Inc. (TON) (collectively Plaintiffs) filed a motion to reconsider the sealing of one paragraph of their amended complaint.[1]  The sparse briefing on the original motion to seal did not state Plaintiffs' position as clearly as their memorandum[2] and reply[3] on this motion.

Pilot Travel Centers LLC and Pilot Corporation (Pilot) object that these arguments should have been raised in the initial briefing.[4]  They also claim the material is properly sealed.[5]

---

[1] Plaintiffs' Motion to Reconsider Court's Redaction of Paragraph 128 in Proposed First Amended Complaint as Directed by Court's February 28, 2008 Order (Dkt. 259), docket no. 266, filed March 4, 2008.
[2] Plaintiffs' Memorandum in Support of Their Motion to Reconsider Court's Redaction of Paragraph 128 in Proposed First Amended Complaint as Directed by Court's February 28, 2008 Order (Dkt. 259), docket no. 267, filed March 4, 2008.
[3] Plaintiffs' Reply Memorandum in Support of Their Motion to Reconsider Court's Redaction of Paragraph 128 in Proposed First Amended Complaint as Directed by Court's February 28, 2008 Order (Dkt. 259), docket no. 301, filed under seal March 28, 2008.
[4] Memorandum in Opposition to Plaintiffs' Motion to Reconsider at 1-4, docket no. 291, filed under seal March 19, 2008.
[5] *Id.* at 4-10.

If the motion were granted, it would encourage re-briefing of issues. If substantial rights were at stake, reconsideration might be merited. But in the absence of prejudice to the merits of the case and a demonstration of serious fundamental error, side issues cannot be revisited without impeding resolution of the substantive matters of the case.

It is useful to look at what Plaintiffs could have done if it had appealed the original order. Appeal from decisions of that nature made by a magistrate judge will not be disturbed by the district judge unless "clearly erroneous or . . . contrary to law."[6] The review by the district judge is on the record, not de novo as would be the case with review of a recommendation on a case dispositive matter.[7]

Courts have been quite graphic in their exegesis on this standard. The magistrate judge's decision must be affirmed unless "on the entire evidence [one] is left with the definite and firm conviction that a mistake has been committed."[8] In other words, "[t]o be clearly erroneous, 'a decision must strike [the court] as more than just maybe or probably wrong; it must ... strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'"[9] One court said "the "decision must be dead wrong[.]"[10]

Allowing this motion for reconsideration would run against the expressed policy for finality of these less-than-substantive decisions. For reasons of judicial economy and case

---

[6] Fed. R. Civ. P. 72(a).
[7] Fed. R. Civ. P. 72(b).
[8] *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[9] *Menzies v. Friel*, 2005 WL 2138653, at *1 (D. Utah Sept. 1 2005) (quoting *Parts & Electric Motors, Inc. v. Sterling Electric, Inc.*, 866 F.2d 228, 233 (7th Cir. 1998)).
[10] *Parts & Electric Motors, Inc.*, 866 F.2d at 233.

management, and to further the "just, speedy, and inexpensive"[11] resolution of this case, this motion[12] is DENIED.

Dated this 6th day of May 2008.

BY THE COURT:

_____
David Nuffer
United States Magistrate Judge

---

[11] Fed. R. Civ. P. 1.
[12] Plaintiffs' Motion to Reconsider Court's Redaction of Paragraph 128 in Proposed First Amended Complaint as Directed by Court's February 28, 2008 Order (Dkt. 259), docket no. 266, filed March 4, 2008.