IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FLYING J INC.. TCH LLC, TRANSPORTATION ALLIANCE BANK INC., TON SERVICES INC., CFJ PROPERTIES, AFJ LLC, TFJ, and LOUISIANA GREENWOOD LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PILOT TRAVEL CENTERS LLC, PILOT CORPORATION, and COMDATA NETWORK, INC. d/b/a COMDATA CORPORATION,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART COMDATA CORPORATION'S MOTION TO COMPEL PLAINTIFFS TO COMPLY WITH DISCOVERY REQUESTS**<br><br>Case No. 1:06-CV-00030 TC<br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Comdata Corporation's Motion to Compel Plaintiffs to Comply with Discovery Requests[1] is before this court. For the reasons set forth below, Plaintiffs' Motion to Compel is GRANTED IN PART.

## BACKGROUND

Comdata Corporation's ("Comdata") Motion to Compel TCH LLC, Flying J Inc., Transportation Alliance Bank Inc., and TON Services Inc. (collectively "Plaintiffs") addresses two issues.[2] First, Comdata seeks production of Plaintiffs' transaction database for the TCH Fleet Fuel Card, the TCH Express Fuel Card, and any other payment cards that are run on the

---

[1] Docket no. 517, filed March 4, 2009.

[2] *Id.* at 2.

TCH platform.[3] Second, Comdata requests that Plaintiffs produce emails relevant to the case

using 28 new search terms proposed by Comdata.[4]

## A.  Card Transaction Database

On November 24, 2008 Comdata issued Document Request No. 3 of Comdata's First Set

of Requests for Production of Documents to Plaintiffs.[5]  Request No. 3 seeks:

> Documents [from May 22, 2001 to the present] evidencing, reflecting or relating to any transactions made using the TCH Card, including but not limited to documents showing for each transaction:
> (a)      the date of the transaction;
> (b)      the Trucking Fleet name and ID code;
> (c)      the individual card ID code;
> (d)      the Truck Stop name, address, and location ID code;
> (e)      the Chain name and Chain code;
> (f)      the type of transaction (i.e., fuel, repairs, food items, cash advance, etc.);
> (g)      the transaction dollar amount;
> (h)      the dollar amount of cash advance, if any;
> (i)      whether credit was extended or the transaction was direct bill;
> (j)      the discounts or rebates received by the Trucking Fleet;
> (k)      the number of gallons of fuel purchased, if applicable;
> (l)      the fuel price per gallon, if applicable;
> (m)      the per unit fee paid to TCH and/or TAB; and
> (n)      the total fee amount paid to TCH and/or TAB. [6]

In response to Request No. 3 Plaintiffs initially expressed a willingness to engage in a reciprocal

exchange of highly confidential card transaction data.[7]  In the ensuing weeks, Plaintiffs and

Comdata resolved various issues relating to the exchange of the card transaction databases.[8]

---

[3] Memorandum of Law in Support of Comdata Corporation's Motion to Compel Plaintiffs to Comply with Discovery Requests ("Supporting Memo") at 2, docket no. 518, filed March 4, 2009.

[4] *Id.*

[5] *Id.* at 5.

[6] *Id.*

[7] *Id.* at 5-6.

[8] *Id.* at 6.

Negotiations reached an impasse, however, when Plaintiffs specified two new conditions.[9]  First, Plaintiffs insisted that the Pilot Defendants, Pilot Travel Centers, LLC, and Pilot Corporation ("Pilot"), also agree to produce a comparable transaction database.[10]  Second, Plaintiffs insisted that the card transaction database not be used in a separate case to which Plaintiffs are not a party, *Universal Delaware, Inc., et al. v. Comdata Corporation, et al.,* No. 07-cv-1078-JKG (E.D. Pa.) ("*UniversalDelaware* ").[11]  Comdata, subsequently rejected these conditions, and negotiations ceased.[12]  Plaintiffs have not yet complied with Request No. 3.[13]

## B.  Email Search Terms

On February 20, 2008, Plaintiffs and Defendants Pilot and TA Operating Corporation finalized 76 search terms to be used by Plaintiffs to identify relevant emails.[14]  One month later Plaintiffs amended the complaint, adding Comdata as a defendant.[15]  Comdata subsequently, filed a Motion to Dismiss the Amended Complaint.[16]  While that motion was pending, Plaintiffs attempted multiple times to confer with Comdata regarding the sufficiency of the original 76 search terms.[17]  Comdata largely ignored discussing search terms while the Motion to Dismiss was pending.[18]  On November 14, 2008, the court granted in part and denied in part Comdata's

---

[9] *Id.* Plaintiffs also proposed a third condition – that Comdata must produce the same data elements as Plaintiffs produce.  Supporting Memorandum at 6-7 and 12-13.  However, Plaintiffs did not brief this issue, so the court assumes it is conceded.

[10] *Id.* at 6-7.

[11] *Id.* at 7.

[12] *Id.*

[13] *Id.* at 6-7.

[14] Supporting Memo at 7.

[15] *Id.*

[16] Docket no. 346, filed May 19, 2008.

[17] Plaintiffs' Memorandum in Opposition to Comdata Corporation's "Motion to Compel Plaintiffs to Comply with Discovery Requests" ("Opposition") at 12-13, docket no. 544, filed March 23, 2009.

[18] *Id.* at 13-14.

Motion to Dismiss.[19]  Comdata then filed its Answer to the complaint [20]and through a letter

dated December 19, 2008 requested 28 additional search terms.[21]  Plaintiffs promptly refused to

run the 28 additional search terms.[22]

## DISCUSSION

### A.  Card Transaction Database

A party "may obtain discovery regarding any nonprivileged matter that is relevant to any

party's claim."[23]  The information sought in Request no. 3 is clearly relevant to the case.

Plaintiffs effectively concede relevance by their quest for similar information from Defendants

and in their willingness to disclose reciprocal transaction databases subject to certain

conditions.[24]

Plaintiffs make three arguments as to why Plaintiffs should not have to produce their card

transaction database.  First, Pilot and Comdata should produce comparable transaction databases.

Second, the transaction database should not be used in the *Universal Delaware* litigation.  Third,

the burden and expense of producing Plaintiffs transaction database, without receiving

comparable data in return from Comdata and Pilot, is unreasonable.

The first two issues are relatively simple.  First, Pilot is not before the court in this

motion and this motion seeks Plaintiffs' compliance, not Comdata's.  The court will only rule

upon what is before it.  While a comprehensive single solution is probably best, no one has

directly moved for that relief as to all other parties.  Second, Plaintiffs' non-use condition is at

---

[19] Docket no. 456, filed November 14, 2008.

[20] Docket no. 462, filed December 5, 2008.

[21] Supporting Memo at 4.

[22] *Id.* at 14, referring to letter from T. M. Crimmins to M. Edwards, December 23, 2008.

[23] Fed. R. Civ. P. 26(b)(1).

[24] Supporting Memorandum at 12.

issue in a separate case[25] and not to be resolved here.  The protective order provides that protected information "shall be used by the Receiving Party solely for purposes of and in connection with this action and shall not be used for any other purpose"[26] which effectively resolves that issue as far as this order and case are concerned.

The third issue is resolved by analyzing the Federal Rules of Civil Procedure.  "A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."[27]  Plaintiffs argue that accessing the information on Plaintiffs transaction database is unreasonably burdensome, but provide no proof to support a claim of unreasonable expense.[28]

Plaintiffs also argue that requiring them to produce a transaction database without requiring Comdata and Pilot to do likewise is unreasonably burdensome.  The issue before the court in this motion deals only with Plaintiffs' failure to disclose not Comdata and Pilot's failure to do likewise.

Because the information is relevant and accessible on Plaintiffs' transaction database, Plaintiffs must produce the transaction database, responsive to Comdata's Document Request No. 3.

## B.  Email Search Terms

In resisting Comdata's request to search email by additional terms, Plaintiffs make three arguments: (1) Comdata failed to timely raise concerns about the original 76 search terms; (2)

---

[25] *Universal Delaware v. Ceridian*, 2:09-mc-00169-DB-BCW, filed February 24, 2009.

[26] Order Granting Motion and Amended Protective Order at 6, docket no. 331, filed May 5, 2008.

[27] Fed. R. Civ. P. 26(b)(2)(B).

[28] Opposition Memorandum at 8.

the request is burdensome; and (3) the original 76 search terms are broad and cover all relevant issues of the case.[29]

First, Comdata timely provided the 28 additional search terms.  While Plaintiffs repeatedly asked for input regarding the original 76 terms, Comdata was not obligated to act until after its Motion to Dismiss was decided.  The Motion to Dismiss was filed May 19, 2008.[30] When it was resolved in November 2008, the claims against Comdata were clearly presented.[31] One month after the Motion to Dismiss was decided, Comdata timely requested the additional terms.

Second, the request is not overly burdensome.  When Plaintiffs amended their complaint and added Comdata as a defendant, Plaintiffs assumed a risk of increased costs as they expanded the parties and claims.  Comdata has a right to seek discovery of material that might be relevant to its defenses that cannot be defeated by arguing that it was a latecomer, when that timing was Plaintiffs' doing.

As to the third issue, the justification of the additional terms, the court is ruling that additional terms are justified, but is unable to specify which terms are justified.  While some of the terms clearly appear to be overly broad or duplicate existing terms, others appear to be distinct from the original search terms.  Therefore, the order contains a mechanism for determining this issue.

---

[29] Opposition at 3-4.

[30] Docket no. 346.

[31] Docket no. 456.

**ORDER**

IT IS HEREBY ORDERED that Comdata's Motion to Compel Plaintiffs to Comply with Discovery Requests[32] is GRANTED IN PART.  Plaintiffs shall produce relevant information from their transaction database responsive to Comdata's Document Request No. 3.  Within ten days of this order, Comdata shall deliver a document to Plaintiffs listing the additional 28 search terms, with a brief justification of each in a form similar to the following.

| Search Term | Comdata's justification | Plaintiffs' agreement or objection |
| --- | --- | --- |
|  |  |  |

Within ten days thereafter, Plaintiff shall fill in the third column of the document and deliver it by email to mj.nuffer@utd.uscourts.gov with a copy to counsel.

Dated this 25th day of June, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[32] Docket no. 517.