IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| FLYING J INC., TCH LLC, TRANSPORTATION ALLIANCE BANK INC., TON SERVICES INC., CFJ PROPERTIES, AFJ LLC, TFJ, and LOUISIANA GREENWOOD LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PILOT TRAVEL CENTERS LLC, PILOT CORPORATION, and COMDATA NETWORK, INC. d/b/a COMDATA CORPORATION, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFFS' DOCUMENT REQUEST NO. 11** <br><br> Case No. 1:06-CV-00030 TC <br><br> Chief District Judge Tena Campbell <br><br> Magistrate Judge David Nuffer |

Plaintiffs' motion to compel production of documents in response to Plaintiffs' Document Request No. 11[1] is before the magistrate judge. For the reasons set forth below, Plaintiffs' motion to compel is GRANTED.

## BACKGROUND

In July of 2008, Plaintiffs Flying J Inc., TCH LLC, Transportation Alliance Bank Inc., TON Services Inc., CFJ Properties, AFJ LLC, TFJ, and Louisiana Greenwood LLC (collectively, "Plaintiffs") issued Document Request No. 11 to Comdata Network, Inc. ("Comdata").[2] Comdata has not yet complied with this request.[3] Plaintiffs' Document Request No. 11 states:

---

[1] Docket no. 578, filed April 22, 2009.

[2] Plaintiffs' Combined Motion to Compel and Memorandum in Support Seeking Order Directing Comdata to Produce Documents in Response to Plaintiffs' Document Request No. 11, as Discussed with the Court at the April 16, 2009 Discovery Hearing--Expedited Ruling Requested (Supporting Memorandum) at 1, docket no. 578, filed April 22, 2009.

[3] Supporting Memorandum at 1.

Produce documents, including electronically stored information drawn from Comdata databases, concerning Comdata trucker fuel card transactions in the continental United States sufficient to show, for each month from June 2001 through July 2008 (and for August 2008 through July 2009, once the data are available) and separately for each type of trucker fuel card that Comdata offered during the relevant time period:

a. the monthly total number of trucker fuel card transactions;

b. the monthly total dollar amount purchased with those transactions;

c. the monthly total gallons of diesel fuel purchased with those transactions; and

d. the monthly total fees earned by Comdata on those transactions, if available,

For each of the above categories of data, please report separate monthly totals for: i) Comdata funded transactions (transactions in which Comdata provides credit to the purchaser); and ii) direct bill or "unfunded" transactions (in which Comdata does not provide credit to the purchaser).

In addition to these monthly totals, please subdivide the information reflected in each of these monthly totals (items "a" through "d" above), to report separate subtotals for: i) diesel fuel purchases, ii) reefer fuel purchases, iii) cash advances, and iv) other goods/services, and divide those subtotals into transactions at the following five categories of truck stops: 1) Pilot, 2) TA, 3) Petro, 4) Love's, and 5) all other truck stops.

As authorized by Fed. R. Civ. P. 34(a)(1)(A), the information produced in response to this Request should be in the form of machine-readable data compilations, such as Excel spreadsheets, if Comdata stores or can retrieve such information in machine readable format for any of the months covered by the Request.

Note: This Request concerning trucker fuel cards is intended to cover transactions involving purchases by long-haul truck drivers. To the extent You know that data You produce in response to this Request also includes transactions involving local fleets (drivers who are not normally away from home at the end of each shift), provide to the maximum extent possible, separate data for transactions involving long-haul truck drivers and local fleets, such as information on which types of Comdata cards are used by local fleet truck drivers vs. long-haul truck drivers. If You need clarification on the data sought by this Request or want to discuss modifications to the request based on the information tracked by Comdata in the normal course of its business, please speak with Plaintiffs' counsel.[4]

---

[4] *Id.* at 2-3.

On April 16, 2009 the court ruled on a discovery request from Comdata to TCH. Plaintiff TCH was directed to assemble and produce certain data summaries about its trucker fuel card business in response to Comdata's Interrogatory Nos. 3(c)-(f) and 4(c)-(f) for the period since January 1, 2006.[5]

Plaintiffs argue that Comdata cannot seek the information requested in Comdata's Interrogatory Nos. 3(c)-(f) and 4(c)-(f) and simultaneously refuse to produce comparable information of its own.[6] Comdata argues that "[w]hile a party may be under an obligation to compile data in response to interrogatories [as was the case with the interrogatories Comdata sent TCH], [Comdata]would be under no comparable obligation to [create compilations] in response to a Rule 34 request."[7]

Comdata has, however, offered to produce relevant portions of its transaction database to Plaintiffs for the time period January 1, 2000 through December 31, 2008 if Plaintiffs do likewise.[8] Comdata claims that the summaries requested in Document Request No. 11 can be derived from these database extracts.[9] Comdata argues that the burden and expense of producing its transaction data, without receiving comparable data in return, is unreasonable.[10]

The two issues before the court are (1) whether Comdata is obligated to create summaries of the information contained in Comdata's transaction database so as to satisfy the form in which information is sought in Plaintiffs' Document Request No. 11 and (2) whether directing Comdata

---

[5] *Id.* at 1. See Minute Entry, docket no. 575, filed April 16, 2009.

[6] Supporting Memorandum at 4.

[7] Defendant Comdata's Memorandum in Opposition to Plaintiffs' Motion to Compel Production of Documents in Response to Plaintiffs' Document Request No. 11 (Opposition) at 3, docket no. 596, filed May 7, 2009.

[8] Opposition at 3-4.

[9] *Id.*

[10] *Id.* at 5.

to produce raw data from which Plaintiffs could derive data to satisfy the request is unreasonably burdensome without requiring Plaintiffs to do the same.

## DISCUSSION

A review of the request shows that it has two parts.  The first part seeks information "sufficient to show" certain categories of monthly totals.  That is a request for data, from which Plaintiffs could derive totals.  The second part of the request asks Comdata to "report separate monthly totals" separated and subdivided by specific criteria.  This part is asking Comdata to slice, dice and summarize the data.  The first part seeks data; the second part seeks summaries.

The entire request seeks machine readable production.  Comdata did not object to that specification of form.  Comdata admits that the relevant information needed to satisfy Document Request No. 11 can be derived from Comdata's transaction database.[11]

At the outset, it is clear this information is relevant and in fact central to the issues.  Comdata effectively concedes this when requesting corresponding information from TCH in Comdata's Interrogatory Nos. 3(c)-(f) and 4(c)-(f).[12]  The court previously ordered another party in this case to produce similar information.[13]

The court does not read Fed. R. Civ. P. 34 or its prior order on similar data as permitting a request for production to require a responding party to create compilations and summaries. The rule speaks of "compilations" as a type of information that may be sought.  On the other hand, the rule probably does not prohibit a responding party from creating providing summaries if they are truly responsive to the request.  This might be preferable for the producing party and acceptable to the requesting party.  But a request for production cannot require a responding

---

[11] *Id.* at 3-4.

[12] Supporting Memorandum at 1-2.

[13] Memorandum Decision and Order Granting in Part Motion to Compel at 9-10, docket no. 143, filed July 30, 2007.

party to compile and summarize. Because the information Plaintiffs seek is relevant and derivable from Comdata's transaction database, Comdata must produce responsive information, either in the form of the transaction database or in acceptable summaries it creates.

The second issue is whether directing Comdata to satisfy the request is unreasonably burdensome without requiring Plaintiffs to do the same. "Comdata cannot reasonably be expected to endure the burden and expense of producing its transaction data, without receiving comparable data from Plaintiffs in return, . . . ."[14] Comdata does not argue that providing the information on Comdata's transaction database is unreasonably burdensome, only that to do so without requiring the Plaintiffs' to do likewise is unreasonable. By analogy, the rules reject "excuse by lack of reciprocity." A party is not excused from making disclosures because "another party has not made its disclosures."[15] The same principle applies to discovery.

## ORDER

For these foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel Production of Documents[16] is GRANTED. Within thirty (30 ) days of this order, Comdata shall produce information responsive to Plaintiffs' Document Request No. 11.

Dated this 25th day of June, 2009.

BY THE COURT

_____
Magistrate Judge David Nuffer

---

[14] Opposition at 5.

[15] Fed. R. Civ. P. 26(a)(1)(E).

[16] Docket no. 578.

5