IN THE UNITED STATES JUDICIAL DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| FLYING J INC.; TCH LLC; TRANSPORTATION ALLIANCE BANK INC.; TON SERVICES INC.; CFJ PROPERTIES; AFJ LLC; TFJ; and LOUISIANA GREENWOOD LLC,<br><br>Plaintiff,<br><br>v.<br><br>PILOT TRAVEL CENTERS LLC; PILOT CORPORATION; and COMDATA NETWORK, INC. d/b/a COMDATA CORPORATION,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO STAY**<br><br>Case No. 1:06-CV-00030 TC<br><br>Chief District Judge Tena Campbell<br><br>Magistrate Judge David Nuffer |

Plaintiffs Flying J Inc., TCH LLC, Transportation Alliance Bank Inc., TON Services Inc., CFJ Properties, AFJ LLC, TFJ, and Louisiana Greenwood LLC (collectively Flying J) have moved to stay this litigation because Flying J is negotiating a merger with Pilot Travel Centers LLC (Pilot Travel) and Pilot Corporation (collectively, Pilot).[1] In an accelerated timeframe, Defendant Comdata Network, Inc. (Comdata) submitted preliminary[2] and supplemental[3]

---

[1] Plaintiffs and the Pilot Defendants' Motion to Stay All Proceedings and Toll and Extend Discovery and Pretrial Deadlines to Facilitate the Completion of Settlement Negotiations Between Plaintiffs and Pilot Defendants as Part of a Larger Transaction, docket no. 736, filed August 7, 2009.

[2] Defendant Comdata Network Inc.'s Preliminary Response to the Motion to Stay All Proceedings and Toll and Extend Discovery and Pretrial Deadlines to Facilitate the Completion of Settlement Negotiations Between Plaintiffs and Pilot Defendants as Part of a Larger Transaction (Dkt. 736) (Comdata's Preliminary Response) , docket no. 742, filed August 11, 2009.

[3] Defendant Comdata Network Inc.'s Supplemental Response to the Motion to Stay All Proceedings and Toll and Extend Discovery and Pretrial Deadlines to Facilitate the Completion of Settlement Negotiations Between Plaintiffs and Pilot Defendants as Part of a Larger Transaction (Dkt. 736) (Comdata's Supplemental Response), docket no. ____, filed August __, 2009. *See* Notice of Conventional Filing, docket no. 746, August 14, 2009.

responses to the motion and Plaintiffs filed a reply.[4]  The court held a preliminary hearing on this motion on August 11, 2009 in which all action in this case was stayed, except for current ongoing discovery between Flying and Comdata.[5]

Flying J is currently in bankruptcy and seeks the stay "in order to facilitate the completion of settlement negotiations;"[6] [t]o maximize the chance of the parties completing their settlement discussions;"[7] to have their employees concentrate for the next 12 weeks on the complex due diligence issues related to their proposed merger transaction;"[8] and "to minimize litigation costs"[9] including "very substantial time and resources"[10] devoted to production of information.  While "Plaintiffs expect to continue their litigation against Comdata even if they are able to agree to settlement terms with the Pilot Defendants, . . . Plaintiffs recognize that it is possible that Plaintiffs and Comdata could discuss possible settlement terms during the stay as well."[11]

> Comdata objects to the stay being complete, and seeks three exceptions to the stay:
>
> Comdata asks the Court to postpone any decision on the Motion to Stay until Plaintiffs (1) produce the transaction database that the Court ordered be produced on June 25, 2009 (Dkt. 689), (2) agree to produce the summary transaction data responsive to Comdata's Interrogatories 4(c)-(f), which the Court ordered be produced on May 18, 2009, and do so without "identifiers" that obscure the identities of the trucking fleets whose data is reflected in the summaries, and (3) produce the summary truck stop transaction data responsive to Comdata's Interrogatory 11(a)-(c) without "identifiers".[12]

---

[4] Plaintiffs' Reply Memorandum in Support of Joint Motion for Stay (Dkt 736) (Plaintiffs' Reply), docket no. ___, filed August ___, 2009.  *See* Notice of Conventional Filing, docket no. 746, August 14, 20097

[5] Docket no. 745, filed August 11, 2009.

[6] Motion to Stay at 1.

[7] Plaintiffs' Reply at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] Motion to Stay at 3.

[12] Comdata's Preliminary Response at 1-2.

Comdata says it "cannot do without [this data] during the next two and a half months" because the work has "long timelines for . . . completion" by Plaintiffs and "Comdata's experts will need a long period to analyze [the data] properly."[13]

Comdata's request has provoked a counter-response from Flying J. Flying J asks that "[i]f the Court concludes that Comdata's experts should be able to move forward with their data analysis while the stay is in place, then Plaintiffs' experts should also receive the information from Comdata that they need to move forward without spinning their wheels analyzing incomplete, unexplained masses of data."[14] Flying J and Comdata point to an extensive correspondence on this topic.

And, if discovery is only to be partially stayed, Flying J also asks the court to refashion one of its prior discovery orders. "The Court's May 20, 2009 Order (Dkt. 627) memorializing rulings at the April 16, 2009 discovery hearing, should be modified to take account of the fact that TCH need not prepare summaries when it is producing the underlying data from which Comdata can derive its own summaries."[15]

This brief and compressed exchange of memoranda has provoked an unfortunately familiar ambience of argument and characterizations which move the parties further apart and not at all toward resolution. Comdata has called the court's attention to a ruling in a related case.[16] Continuing discussion on exceptions to the stay and collateral effects is creating an expansive dispute.

---

[13] *Id.* at 3.

[14] Plaintiffs' Reply at 14.

[15] *Id.* at 16.

[16] Comdata's Supplemental Response at 4.

The first duty of the court and counsel is to seek "the just, speedy, and inexpensive determination"[17] of this case. This opportunity for Flying J and Pilot to settle their part of the case, which is so substantial, is supported by preliminary agreements filed with the bankruptcy court. It deserves every chance for success. Such a settlement would be presumptively just and much more speedy than resolution through trial. It would avoid significant expense, just in terms of currently pending motions. Allowing discovery (including arguments or motions about some discovery) to continue will distract the parties, divert resources and detract from the atmosphere of cooperation needed for settlement. While Comdata is not a party to the existing settlement discussions, Comdata is a recently added party, and a merger of Flying J with Pilot would substantially alter the complexion of the litigation; the interests of the merged parties; and could change their position as to Comdata. Any revised schedule will accommodate Comdata's needs for adequate time.

## ORDER

IT IS HEREBY ORDERED that the motion for stay[18] is GRANTED.

IT IS FURTHER ORDERED that

a.  All proceedings in this case including current obligations to locate and produce additional documents and respond to interrogatories (including any discovery work or pending discovery obligations of any party) are stayed through at least Friday, October 30, 2009.

b.  All of the discovery and pretrial deadlines reflected in this Court's June 20, 2009 Order,[19] are stayed. If during the time the stay of proceedings remains in effect, the Plaintiffs are

---

[17] Fed. R. Civ. P. 1.

[18] Plaintiffs and the Pilot Defendants' Motion to Stay All Proceedings and Toll and Extend Discovery and Pretrial Deadlines to Facilitate the Completion of Settlement Negotiations Between Plaintiffs and Pilot Defendants as Part of a Larger Transaction, docket no. 736, filed August 7, 2009.

[19] Docket no. 684.

not able to work out terms for a global settlement of all of Plaintiffs' claims in this case against the Pilot Defendants and against Comdata, a revised schedule will allow sufficient time for the case to develop and proceed to trial, including the completion of fact discovery including fact witness depositions; expert analysis and disclosures; pretrial motions and disclosures; and trial preparation.  Comdata's needs for sufficient time for expert analysis of Flying J data will be considered in any revised schedule in this case.

     c.     Counsel for Flying J and Pilot shall file reports on the status of settlement no later than. September 15, 2009, and October 9, 2009, and a status conference shall be held Thursday October 15, 2009, in Room 477, U. S. Courthouse, 350 South Main Street, Salt Lake City, Utah, to discuss with counsel the status of the settlement negotiations and the stay in this case.

     Dated this 17th day of August, 2009.

                                  BY THE COURT

                                  _____
                                  Magistrate Judge David Nuffer